



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-955
Re: Whether motor buses operating
between the city of Bryan and
the city of College Station
must obtain certificates of
convenience and necessity
from the Railroad Commission,
the city limits of Bryan and
College Station being between
200 and 300 yards apart on
one highway and one and one-
half miles apart on another
highway.

We are in receipt of your letter of June 9, 1939, wherein you advise us that the cities of Bryan and College Station are each incorporated, that there is a distance of about five miles from Bryan proper to College Station proper, but that the city limits have been extended such that now there is only about one and one-half miles between the city limits of said two cities on highway No. 6 (new highway) and a distance of between 200 and 300 yards between the city limits of said cities on highway No. 6 (old highway). You further advise that there are certain motor vehicles carrying passengers for hire now operating regularly over said two high-ways. You request our opinion as to whether or not the Rail-road Commission would have jurisdiction over such motor vehicles and whether the operators thereof must obtain certificates of convenience and necessity from and be regulated accordingly by the Railroad Commission.

Article 911-a, Revised Civil Statutes, provides for

Honorable James E. Kilday, P ge 2

the regulation of motor buses by the Railroad Commission.
Section 1-c of said Article 911-a reads as follows:

"(c)   The term 'Motor Bus Company'
when used in this Act (Article 911-a; P. C.
1690-a) means every corporation or persons
as herein defined, their lessees, trustees,
receivers, or trustees appointed by any
court whatsoever, owning, controlling, op-
erating, or managing any motor propelled
passenger vehicle, not usually operated on
or over rails, and engaged in the business
of transporting persons for compensation or
hire over the public highways within the
State of Texas, whether operating over fixed
routes or fixed schedules, or otherwise;
provided further, that the term 'Motor Bus
Company' as used in this Act (Article 911-a;
P. C. 1690-a) shall not include corporations
or persons, their lessees, trustees, or re-
ceivers, or trustees appointed by any court
whatsoever, insofar as they own, control,
operate, or manage motor propelled passenger
vehicles operated wholly within the limits
of any incorporated town or city and the sub-
urbs thereof, whether separately incorporated
or otherwise."

Section 4-a of said Article 911-a reads as follows:

"(a)   The Commission is hereby vested
with power and authority, and it is hereby
made its duty to supervise and regulate the
public service rendered by every motor bus
company operating over the highways in this
State, to fix or approve the maximum, or
minimum, or maximum and minimum, fares,
rates or charges of, and to prescribe all
rules and regulations necessary for the
government of, each motor bus company;   to
prescribe the routes, schedules, service,
and safety of operations of each such motor
bus company;   to acquire the filing of such



Honorable James E. Kilday, Page 3

> annual or other reports and of such other
> data by such motor bus company as the Com-
> mission may deem necessary."

Section 4-b of said Article 911-a reads as follows:

> "(b) The Commission is hereby vested
> with authority to supervise, control and
> regulate all terminals of motor bus com-
> panies, including the location of facilities
> and charges to be made motor bus companies
> for the use of such terminal, or termini;
> provided, that the Commission shall have no
> authority to interfere in any way with valid
> contracts existing between motor bus com-
> panies and the owner or owners of motor bus
> terminals at the time of the passage of this
> Act. (Article 911-a; P. C. art. 1690-a)"

follows:

Section 5 of said Article 911-a reads in part as

> "Sec. 5. No motor-bus company shall
> hereafter regularly operate for the trans-
> portation of persons as passengers for com-
> pensation or hire over the public highways
> of this State without first having obtained
> from the Commission under the provisions
> of this Act (Article 911-a; P. C. art.
> 1690-a), a certificate or permit declaring
> that the public convenience and necessity
> require such operation; . . ."

There is no need for the purposes of this opinion
to copy further from the above statute. It is evident from
the quotations which we have given that the Railroad Commis-
sion is vested with authority to supervise and regulate the
public service rendered by every motor bus company operating
over the highways in this state. Section 1-o of said Article
911-a defines the term "Motor Bus Company." Briefly it in-
cludes every person or corporation operating any motor pro-
pelled passenger vehicle except railroads and engaged in the
business of transporting persons for compensation or hire

over the public highways of this state. There is excepted from this definition those which are operated wholly within the limits of any incorporated town or city and the suburbs thereof, whether separately incorporated or otherwise. From the facts which you submit to us there is a short strip on each of the highways connecting these two cities which is not within the corporate limits of either of them and over which motor vehicles carrying passengers for hire are now operating regularly. However short a piece of highway may be, jurisdiction is given by the statute to the Railroad Commission to regulate the operation thereon of motor vehicles carrying passengers for hire unless such highway be within the limits of an incorporated town or city and the suburbs thereof. Our answer to your question is an affirmative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:FL

APPROVED JUN 24, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B.W.
CHAIRMAN